FILED
2019 Mar-14  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEOVANY MORALES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Number:** _____ |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SIXTH AVENUE TIRE CENTER, INC.,** | ) | |
| a domestic corporation; and **WARREN** | ) | |
| **WIRT,** an individual. | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA"). The Plaintiff seeks payment for unpaid wages; overtime worked and liquidated damages that he was deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b). This action also asserts a claim under the Human Trafficking statute, § 13A-6-157 of the Code of Alabama. The Plaintiff seeks compensatory damages, punitive damages, treble damages and injunctive relief pursuant to § 13A-6-157.

## JURISDICTION and VENUE

1.    Original jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws

1

of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2.    Supplemental jurisdiction on the state claim is conferred upon this Court by 28 U.S.C. §1367.

3.    Defendant **Sixth Avenue Tire Center, Inc.**, hereinafter referred to as "**Sixth Avenue Tire**" is a domestic corporation organized in the State of Alabama.

4.    Defendant Sixth Avenue Tire operates a tire shop located at 309 6th Avenue S.W., Birmingham, Alabama 35205.

5.    Defendant **Warren Wirt** hereinafter referred to as "**Warren**", is an individual over the age of nineteen (19) who owns and operates Sixth Avenue Tire Center.

6.    Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

7.    The cause of action set forth in this Complaint arose in this District.

8.    Sixth Avenue Tire and Warren Wirt are collectively referred to, throughout this complaint, as "Defendants".

## PARTIES

**A. Plaintiff**

9.    Plaintiff Geovany Morales is over the age of nineteen (19), currently resides in Jefferson County, Alabama, and is a former employee of the Defendants.

10.    Plaintiff was employed by Sixth Avenue Tire, but also worked at two other locations controlled and managed by this corporation named: (1) Eastlake Tire Center located at 6707 1st Ave N, Birmingham, AL 35206, and (2) Warren Tire Company located at 1512 Bessemer Rd, Birmingham, Alabama 35208.

11.    During all times relevant to this Complaint, the Plaintiff was an hourly employee of the Defendants and was subject to the full protection of the Fair Labor Standards Act and was not exempt from its coverage and protection.

## B. Defendants

12.    Defendant Sixth Avenue Tire, is a domestic corporation organized in the State of Alabama, which employed the Plaintiff to labor for its benefit in this district.

13.    Defendant Sixth Avenue Tire also operates a tire shop located at 6707 1st Avenue North, Birmingham, Alabama 35206, doing business as Eastlake Tire Center.

14.    Defendant Six Avenue Tire also operates a tire shop located at 1512 Bessemer Rd, Birmingham, AL 35208, doing business as Warren Tire Company.

15.    Defendant Warren owns, controls, and manages Sixth Avenue Tire Center.

16.    Defendant Warren, is liable pursuant to the Fair Labor Standards Act by virtue of having sole discretion and authority in directing, controlling and supervising Plaintiff's schedule, pay and work.

17.   Defendant Sixth Avenue Tire Center lists Mr. Robert C. Clark as its registered agent at 309 Sixth Ave South West, Birmingham, Alabama 35205.

18.   Defendants are engaged in the business of owning and operating tire shops located in Jefferson County, Alabama and engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

19.   Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not otherwise exempt from the requirements of this Act.

## FACTUAL ALLEGATIONS

20.   Plaintiff, Geovany Morales, was employed by the Defendants at Sixth Avenue Tire Center.

21.   Plaintiff worked for Defendants, from or about February 1, 2012 to April 7, 2018.

22.   Defendants employed the Plaintiff as a laborer, tasked with painting, repairing, selling and installing tires.

23.   While working for Defendants, the Plaintiff was sent to work at Eastlake Tire Center and at the Warren Tire Company, both tire shops owned and operated by Defendants.

24.   Defendants provided all the tools, equipment and materials necessary for the Plaintiff to do perform his duties.

25. Defendants are engaged in commerce or in the sale of tires, mechanic services, and installation of automobile parts for commerce. Defendants sale and install tires to patrons who traveled and engaged in interstate commerce, including trucks, cars, and motorcycles who were physically present in Alabama and traveled to other states. In addition, the Defendants received tire shipments from different state manufacturers, specifically tires sold to travelers (through the tire dealership store and service locations) who drive through different states for personal and commercial purposes.

26. Plaintiff was typically required to work approximately eleven (11) hours a day, Monday through Saturday from 8:00AM to 7:00PM, or on a mixed days schedule as needed by the tire installation business managers and agents.

27. The Plaintiff was typically required to work on average of sixty-six (66) hours per week. The Plaintiff was compensated with a flat weekly fee. From February 1, 2012 to March 1, 2013, he was paid $425 per week; from March 1, 2013 to March 1, 2014, he was paid $525 per week, and from March 1, 2014 through April 7, 2018, he was paid $600 per week.

28. Plaintiff did not typically receive lunch breaks and was given few breaks between long hours of work.

29. Plaintiff was paid on Saturday afternoons.

30.    For the first three years of employment, Defendants paid the Plaintiff by check. For the remaining duration of his employment, Plaintiff would pay half of his weekly income in check and half in cash.

31.    Jorge Dominguez, Mario Dominguez and Pablo Mondragon were employees of Defendants that throughout the Plaintiff's employment delivered weekly payment to the Plaintiff.

32.    In multiple occasions, starting in 2014, when Plaintiff asked Jorge Dominguez and Pablo Mondragon for higher wages, Defendants would use Plaintiff's immigration status as the reason to deny proper compensation.

33.    Plaintiff ended his employment with Defendants on or about April 7, 2018.

34.    Plaintiff is not exempt from the overtime requirements of the Fair Labor Standards Act.

35.    Defendants have a duty to maintain certain records under 29 U.S.C. § 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate his damages in this case.

## COUNT ONE - VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

36.    Plaintiffs re-allege paragraphs 1 through 35 as though fully set forth herein.

37.    Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked above forty (40) in a work week. Defendants' failure to comply with the law was willful. Defendants, by such failure, has

willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of Plaintiff and against the Defendants for:

a)    All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' violations of his rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b); and,

b)    All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. § 216(b).

## COUNT TWO – VIOLATIONS OF THE JACK WILLIAMS AND MERIKA COLEMAN ACT

38.   Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39.   Defendants knowingly created and perpetually confirmed the impression for the Plaintiff that he would not be able to claim overtime wages given his undocumented immigrant status.

40.   Defendants relied on Plaintiff's undocumented status in justifying not paying him at an overtime rate.

41.   In reliance upon this deception, the Plaintiff remained in servitude for the Defendants while working nearly twenty-six (26) hours a week in overtime.

42.  Defendants' deceptions were willful and malicious and made for the sole purpose of engaging undocumented laborers into labor servitude.

43.  Defendants, by making such deceptions and engaging in labor servitude practices, willfully and maliciously violated the Jack Williams and Merika Coleman Act.

**WHEREFORE**, the Plaintiff requests this Court to enter judgment in favor of the Plaintiff and against the Defendants for:

a)  All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

b)  All reasonable costs and attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and the Jack Williams and Merika Coleman Act, Alabama Code, §13A-6-157 and §13A-6-158.

Respectfully submitted,

Sigfredo Rubio
ASB-5403-D62R
Attorney for Plaintiffs

Charline Whyte
ASB-1647-O80G

8

Attorney for Plaintiffs

**OF COUNSEL:**

**RUBIO LAW FIRM, P.C.**
438 Carr Avenue – Suite 1
Birmingham, Alabama 35209
Telephone:  (205) 443-7858
Facsimile:   (205) 443-7853

## PLAINTIFF DEMAND A TRIAL BY JURY

## PLEASE SERVE DEFENDANTS VIA PRIVATE PROCESS SERVER:

**To:**
**Sixth Avenue Tire Center, Inc.**
Attn: Robert C. Clark
Registered Agent
309 Sixth Avenue SW
Birmingham, AL 35205

**Warren Wirt**
2750 Al Highway 23
Springville, Al 35146-5187