# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GEOVANY MORALES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-00440-JEO |
| ) | |
| SIXTH AVENUE TIRE CENTER, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Geovany Morales filed a complaint against Defendants Sixth Avenue Tire Center, Inc. and Warren Wirt alleging a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and Alabama's human trafficking statute, Ala. Code § 13A-6-157. (Doc.1).[1] Currently before the court[2] are two motions. The first is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, motion for more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 5). Along with his response in opposition to the motion, (doc. 11), Plaintiff filed a motion to strike the exhibit

---

[1] Citations to "Doc. __" is the to the document number of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court. Unless otherwise noted, pinpoint citations are to the page of the electronically filed document in the court's CM/ECF system, which may not correspond to pagination of the original "hard copy" of the document presented for filing.

[2] The parties have consented to an exercise of plenary jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 12).

attached to the motion to dismiss. (Doc. 10). The motions are fully briefed, (docs. 6, 11, 13, 14), and ripe for decision.

## I. FACTUAL ALLEGATIONS[3]

Plaintiff, Geovany Morales, is a former employee of Defendant Sixth Avenue Tire Center, Inc. ("Sixth Avenue Tire"). (Doc. 1 ¶¶ 9-10, 20). Defendant Warren Wirt is the owner and operator of Sixth Avenue Tire. (*Id.* ¶ 5). Plaintiff worked for Defendants from approximately February 1, 2012, until April 7, 2018, as a laborer tasked with painting, repairing, selling and installing tires. (*Id.* ¶¶ 21-22). Plaintiff was an hourly employee and covered by the FLSA. (*Id.* ¶ 11).

Plaintiff alleges that he typically worked eleven hours a day, Monday through Saturday, for a total of sixty-six hours per week. (*Id.* ¶¶ 26-27). Generally, he was not given lunch breaks and "was given few breaks between long work hours." (*Id.* ¶ 28). Defendant paid Plaintiff a flat weekly fee for his work. (*Id.* ¶ 27). From February 1, 2012, to March 1, 2013, he was paid $425 a week. (*Id.*). From March 1, 2013, to March 1, 2014, he was paid $525 per week. (*Id.*). Finally, from March 1, 2014 to April 7, 2018, Plaintiff was paid $600 per week. (*Id.*). For the first three years of his employment, Plaintiff was paid exclusively by

---

[3] The factual allegations are based upon the well-pled factual allegations of the amended complaint, which, consistent with the applicable standard of review, are taken as true, drawing all reasonable inferences in Plaintiff's favor. Thus, these are the background facts for the purposes of the motion only; they may not be the actual facts.

check, but for the remainder of his employment, he was paid half of his wages by check and half in cash. (*Id*. ¶ 30).

Beginning in 2014, Plaintiff asked Jorge Domingues and Pablo Mondragaon[4] for higher wages on multiple occasions. (*Id*. ¶ 32). Plaintiff alleges, however, that "Defendants would use Plaintiff's immigration status as the reason to deny proper compensation." (*Id*.). More specifically, Plaintiff alleges that Defendants "confirmed the impression for Plaintiff that he would not be able to claim overtime wages given his undocumented immigrant status." (*Id*. ¶ 39).

## II. DISCUSSION

The court begins with Plaintiff's motion to strike and then moves on to Defendant's motion to dismiss. For the following reasons, the motion to strike will be deemed moot and the motion to dismiss is due to be denied.

### A. MOTION TO STRIKE

Defendants attach what purports to be a "paystub" as Exhibit 1 to their brief in support of their motion to dismiss. (Doc. 6 at 12). It is an unsigned check for $548.04, as well as a summary of earnings, hours worked and taxes paid for the pay period July 18, 2015 through July 24, 2015. (*Id*.). The exhibit is not authenticated with an accompanying affidavit or declaration. Defendants use the exhibit to counter Plaintiff's allegation in his complaint that he was not paid

---

[4] These men, along with Mario Dominguez, delivered weekly payments to Plaintiff. (Doc. 1 ¶ 31).

overtime. (*Id*. at 5). Plaintiff moves to strike the exhibit on the ground that it constitutes an improper submission of extrinsic evidence in support of a motion to dismiss brought under Rule 12(b)(6). (Doc. 10).

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). A court may consider extrinsic evidence submitted in conjunction with a Rule 12(b)(6) motion to dismiss as long as the court converts the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56 and provides the parties with adequate notice of its intent to do so. Fed. R. Civ. P. 12(d). However, federal courts have discretion whether to consider the submissions of materials outside the pleadings accompanying a Rule 12(b)(6) motion, and "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them - there is no more formal step required." *Harper v. Lawrence County,* 592 F.3d 1227, 1232 (11th Cir. 2010); *see also Jones v. Auto. Ins. Co. of Hartford,* 917 F.2d 1528, 1531-32 (11th Cir. 1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court. However, if the judge does consider these outside matters, i.e., if the judge does not exclude them, Rule 12(b)

requires the judge to comply with the requirements of Rule 56." (internal citations omitted)).

Here, the court exercises its discretion in excluding the exhibit from consideration and, therefore, declines to convert Defendants' Rule 12(b)(6) motion into a motion for summary judgment. Whether Defendants denied Plaintiff overtime is an issue more properly adjudicated at a later date after the parties have conducted discovery. Because the court will exclude the exhibit from consideration when ruling on the motion to dismiss, Plaintiff's motion to strike is rendered **MOOT**.

### B. MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss claims in a complaint on the ground that the allegations fail to state a claim upon which relief can be granted. On such a motion, the "'issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Little v City of North Miami,* 805 F.2d 962, 965 (11th Cir. 1986) (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)). The court assumes the factual allegations in the complaint are true and gives the Plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC,* 551 F.3d 1223, 1224 (11th Cir. 2008).

Rule 12(b)(6) is read in light of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to, "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v Gibson,* 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level…." *Id.* Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.,* its "factual content … allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 557).

1. **FLSA**

In count one of his complaint, Plaintiff alleges that Defendants willfully violated the overtime provisions of the FLSA. (Doc. 1 ¶ 37). Specifically,

Plaintiff alleges that "Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked over forty (40) in a work week. Defendants' failure to comply with the law was willful." (*Id*.). Defendants contend that Plaintiff failed to plead sufficient facts to show he was inadequately compensated under the FLSA. (Doc. 5 ¶ 2; Doc. 6 at 5-6). Defendants also argue that the complaint does not plausibly allege willfulness, and, as such, the general two-year statute of limitations should apply, as opposed to the three-year statute of limitations for willful violations. (Doc. 5 ¶¶ 3-4; Doc. 6 at 6-9).

The requirements to state a claim of a FLSA violation are straightforward. The key elements are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)[5] (citing *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred)).

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

Here, the complaint makes factual allegations sufficient to withstand a motion to dismiss for failure to state a claim under the FLSA. The complaint alleges that Plaintiff was a covered employee and that during the relevant time period, Defendants repeatedly violated the overtime provisions of the FLSA by failing to compensate him when he worked over forty hours a week at the appropriate rates. (Doc. 1 ¶¶ 11, 19, 26-28, 30, 34). While the complaint may not provide as many details as Defendants wish, the allegations are sufficient at this stage in the litigation and will be flushed out after the benefit of discovery.

Although Defendants argue that Plaintiff merely pleaded the elements of the claim, the court disagrees. The Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombly* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296. The complaint here is sufficient under these standards. Accordingly, the motion to dismiss the FLSA claim for failure to state a claim is **DENIED**.

Defendants also contend that Plaintiff's claims should be subject to the two-year statute of limitations, as opposed to the three-year limitation because the complaint does not adequately state a willful violation of the FLSA. (Doc. 6 at 6-9). The court disagrees at this time. Ordinarily, a violation of the FLSA is subject to a two-year statute of limitations. 29 U.S.C. § 255(a). However, the statute of limitations may be extended to three years if the employer's violation is willful, i.e. if the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)) The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). And it is well settled that a plaintiff is not required to negate an affirmative defense in their complaint. *See, e.g., La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Thus, Defendants have "attempted to foist on Plaintiff[] a pleading requirement that does not exist." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F.Supp.2d 1278, 1282 (S.D. Fla. 2005). "[A] Rule 12(b)(6) dismissal on statute of limitation grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta*, 358 F.3d at 845 *Id*. (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003)); *see also Mumbower v. Callicott*, 526 F.2d 1183, 1187 n.5 (8th Cir. 1975) (explaining that "29 U.S.C. § 255(a) was intended to serve as a conventional

9

limitation on the remedy, not upon the right to bring the action, and must be pleaded as an affirmative defense in compliance with Fed. R. Civ. P. 8(c).").

Here, it is not apparent from the face of the complaint that Defendants did not willfully violate the FLSA. In particular, Plaintiff has alleged that he worked for Defendants, was not properly paid for the overtime work during the relevant period, and that such action was willful. (Doc. 1 ¶¶ 20-23, 26-27, 32, 37). At this early stage in the litigation, Plaintiff's general assertions minimally satisfy the requirements of pleading a willful violation of the FLSA. *See* Fed. R. Civ. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). And because the applicability of this affirmative defense often involves a factual inquiry, it is not generally amenable to resolution on a Rule 12(b)(6) motion. *See, e.g., Morrison v. Quality Transports Servs., Inc.*, 474 F.Supp.2d 1303, 1309 (S.D. Fla. 2007) ("The issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition."). Accordingly, Defendants' motion as to the statute of limitations on the FLSA claim is **DENIED WITHOUT PREJUDICE**.[6] Defendants may reassert this affirmative defense at a later date.

---

[6] Although the allegations of the complaint contain statements regarding payments outside the three years, (doc. 1 ¶ 27), it is clear from the briefing that Plaintiff limits his FLSA claim to three years. (Doc. 11 at 7-9).

## 2. Ala. Code § 13A-6-157

In count two of his complaint, Plaintiff alleges Defendants willfully and maliciously violated the Jack Williams and Merika Coleman Act, Ala. Code § 13-A-6-157. (Doc. 1 ¶¶ 38-43). Specifically, Plaintiff alleges the following:

- "Defendants knowingly created and perpetually confirmed the impression for Plaintiff that he would not be able to claim overtime wages given his undocumented immigrant status." (*Id.* ¶ 39).
- "Defendants relied on Plaintiff's undocumented status in justifying not paying him at an overtime rate." (Id. ¶ 40).
- Based on "this deception, the Plaintiff remained in servitude for the Defendants while working nearly twenty-six (26) hours a week in overtime." (*Id.* ¶ 41).
- "Defendants' deceptions were willful and malicious and made for the sole purpose of engaging undocumented laborers into labor servitude." (*Id.* ¶ 42).

Defendants contend that this claim is due to be dismissed because it relies upon conclusory allegations and "fails to allege how his employment with Defendants meets the definition of "[l]abor [s]ervitude" under the Act." (Doc. 5 ¶ 5; Doc. 6 at 9-10).

Alabama Code § 13A-6-157 creates a civil cause of action for an individual who is a victim of human trafficking. Ala. Code. § 13A-6-157(a). As is relevant here,[7] a person commits the crime of human trafficking if he/she (1) "knowingly subjects another person to labor servitude . . . ," Ala. Code § 13A-6-152(a)(1), or (2) where another "person knowingly benefits, financially or by receiving anything

---

[7] The statute also includes sexual servitude. Ala. Code §§ 13A-6-152 & 13A-6-153.

of value, from participation in a venture or engagement for the purpose of . . . labor servitude," Ala. Code § 13-A-6-153(a)(1).  The statute defines "labor servitude" as "work or service of economic or financial gain which is performed or provided by another person and is induced or obtained by coercion or deception."  Ala. Code § 13A-6-151(3).  Deception[8] is defined as "creating or confirming an impression of an existing fact or past event which is false and which the accused knows or believes to be false."  Ala. Code § 13A-6-151(2)(a).

Although the theory seems to be a novel one, the court cannot say that the complaint fails to state a claim under the Act.  Plaintiff adequately alleges that he was subjected to labor servitude under the Act.  Specifically, Plaintiff alleges that he was made to work without overtime pay and that he was repeatedly given "the impression . . . that he would not be able to claim overtime wages given his undocumented immigrant status."  (Doc. 1 ¶¶ 39, 41).  On their face, these allegations meet the definitions of labor servitude under Alabama Code § 13A-6-151(3).  As such, the motion to dismiss for failure to state a claim is **DENIED**.

Finally, the statute mandates that "[u]pon commencement of any action brought under [the civil] section, the clerk of the court shall mail a copy of the complaint or other initial pleading to the office of the Attorney General . . . ."  Ala. Code § 13A-6-157(e).  As such, the Clerk of the Court is **ORDERED** to mail a

---

[8] The complaint does not allege labor servitude by coercion, but clearly alleges labor servitude obtained by deception.  (Doc. 1 ¶¶ 39-43).

copy of the complaint to the Alabama State Attorney General, along with a copy of this order.

## III. CONCLUSION

Based on the foregoing, the motion to strike (doc. 10) is **MOOT** and the motion to dismiss (doc. 5) is **DENIED**.

**DATED**, this 23rd day of August, 2019.

_/s/ John E. Ott_
**JOHN E. OTT**
Chief United States Magistrate Judge